103 F.3d 129
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sara Lynn COURTNEY, also known as Debbie Ison, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 96-5051.
 United States Court of Appeals, Sixth Circuit.
 Dec. 03, 1996.
 
 Before: JONES, SILER, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Sara Lynn Courtney appeals a district court order dismissing her civil complaint construed as being filed pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, and a state tort claim of negligence. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In a document exceeding 250 pages, along with 19 audio cassettes, Courtney essentially claimed that employees of the Department of Health and Human Services engaged in negligent and wrongful acts. Courtney stated that her complaint was a "TORTE CLAIM." In the voluminous documents which she filed with the court, Courtney raised such topics as marijuana use, poverty, strip mining, chemical pollutants, exploitation of minorities, alcoholism, mental health, false advertising, social injustice, biofeedback, spirituality, and job stress.
 
 
 3
 The case was referred to a magistrate judge who recommended dismissing the complaint on several grounds. In her objections, Courtney continued to complain about what she saw were the social injustices and problems of this country. She did not file specific objections to the magistrate judge's report. The district court subsequently dismissed the complaint as meritless.
 
 
 4
 In her timely appeal, Courtney continues her rhetoric. She has requested that her filing fee be refunded, that she be allowed to proceed in forma pauperis, and that she be appointed counsel.
 
 
 5
 Upon review, we affirm the district court's order as Courtney has waived appellate review of her claims by not filing specific objections to the magistrate judge's report. See Miller v. Currie, 50 F.3d 373, 380 (6th Cir.1995). Furthermore, the Federal Tort Claims Act requires that the United States be named as the only proper defendant. 28 U.S.C. § 2679(a). Failure to name the United States as a defendant is fatal to the court's jurisdiction. Allgeier v. United States, 909 F.2d 869, 871 (6th Cir.1990). Finally, the district court did not err in dismissing Courtney's supplemental state tort claim. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).
 
 
 6
 Accordingly, we deny Courtney's requests for relief and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.